United States District Court
Southern District of Texas
**ENTERED**
March 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAKISHA S. JONES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-1039 |
| § | |
| KATY INDEPENDENT SCHOOL § | |
| DISTRICT, et al., § | |
| § | |
| Defendants. § | |

## ORDER

Pending before this Court is a motion to dismiss certain claims of the Plaintiff filed by Defendants Katy Independent School District ("the District"), Justin Graham, ("Graham"), Brian Schuss, ("Schuss"), and Dr. Kenneth Gregorski ("Gregorski"). (Doc. No. 9). Plaintiff Lakisha Jones ("Plaintiff") filed a "Motion of Opposition" to the motion to dismiss, which the Court construes as a response, (Doc. No. 10), and Defendants replied. (Doc. No. 11). Having considered the motion and the relevant pleadings, the Court **GRANTS** the Motion in part. (Doc. No. 56).

### I.   Background

Plaintiff worked as a Diagnostic Specialist at Paetow High School ("PHS") in Katy ISD during the 2021-2022 and 2022-2023 school years. (Doc. No. 6 at 5). Plaintiff alleges that she experienced numerous instances of racially discriminatory treatment throughout her tenure at PHS. (*Id.*). Among other things, Plaintiff alleges that she was reprimanded for conduct that white colleagues were not punished for, punished for attending trainings that other white colleagues were paid to attend, repeatedly harassed, and eventually fired after she reported these issues to the District. (Doc. No. 6 at 6–10). In addition, Plaintiff alleges that the District interfered with her

FMLA leave when it required her to return to work before her therapist recommended and was demoted her upon return. (*Id.* at 13–14).

Based on these allegations, Plaintiff filed an EEOC Charge of Discrimination and then this lawsuit. (Doc. No. 1). In her Amended Complaint, Plaintiff named several individual defendants, including various employees of PHS and the District, and brought claims under Title VI and Title VII of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act, and Section 105 of the Family Medical Leave Act. (Doc. No. 6).

Defendants filed a motion to dismiss: (1) all claims against the individual defendants; (2) all claims under the FMLA against all defendants; (3) all claims for punitive damages; and (4) the claims for compensatory damages based on emotion distress, mental anguish, or pain and suffering under Title VI or the ADA. (Doc. No. 9 at 7). Plaintiff's "motion" responds to a few of the District's arguments, but it also introduces new claims under the Texas Government Code, Texas Labor Code, and Title I of the ADA. (Doc. No. 10 at 2). The Court construes Plaintiff's Motion of Opposition as a response to the motion to dismiss, and therefore the Court will not consider any new causes of action raised in that document. (Doc. No. 10).

## II.   Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a "probability requirement,"

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 609 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

#### A. Title VI, Title VII, and ADA Claims Against the Individual Defendants

Based on the face of Plaintiff's Amended Complaint, it is not immediately clear whether she intended to sue the individual defendants in their individual or official capacities. Given that Plaintiff's claims against the individual defendants may require dismissal under either theory, the Court will analyze the claims under both theories.

##### a. *Individual Capacity*

If Plaintiff's claims are intended to be individual capacity claims, they must be dismissed because her causes of action do not permit suit against individual employees. First, Title VI claims may only be brought against entities, not individuals. *Muthukumar v. Kiel*, 478 F. App'x 156, 159 (5th Cir. 2012) ("We agree with the Eleventh Circuit that Title VI permits suits only against public or private entities receiving certain funds and not against individuals such as Kiel."); (citing *Shotz*

*v. City of Plantation, Fla.*, 344 F.3d 1161, 1171 (11th Cir. 2003)); *Price v. Louisiana Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) ("First, the district court correctly noted that only public and private entities can be held liable under Title VI.").

Second, Title VII claims likewise may not be brought against individuals. *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("[T]here is no individual liability for employees under Title VII."); *see also Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n. 1 (5th Cir. 2003); *Jenkins v. Bd. of Educ. of Houston Indep. Sch. Dist.*, 937 F. Supp. 608, 612 (S.D. Tex. 1996) ("It is well settled in the Fifth Circuit that individual supervisors cannot be held personally liable under Title VII, as they are not 'employers' as that term is defined in Title VII.").

Third, while the Fifth Circuit has not specifically addressed the issue of individual liability under the ADA, courts within the Fifth Circuit have consistently found that individual liability is precluded under the ADA. *Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) (collecting cases); *see also Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 467, 473 (N.D. Tex. 2003) (holding that "due to the similarity in the definitions of 'employers' under Title VII, the ADEA, and the ADA . . . that personal capacity suits are likewise prohibited under the ADA."). Additionally, other circuits have long held that that no individual liability exists under the ADA. *See, e.g., U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995). As such, the Court holds that the ADA allows for no individual liability. Thus, to the extent Plaintiff's contentions are construed as individual capacity claims, Plaintiff's claims must be dismissed.

  b. *Official Capacity*

Suits against government employees in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Further, "[a]s long as the government

entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, if Plaintiff's claims are against the individual defendants in their official capacities, those claims are redundant of her claims against the District. *Jenkins v. Bd. of Ed. of the Hous. Indep. Sch. Dist.*, 937 F. Supp. 608, 613 (S.D. Tex. 1996) ("Jenkins's claims against the Individual Defendants in their official capacities should be dismissed, as their presence in this case is merely redundant."). As claims against the individual defendants in their official capacities would be redundant of the claims against the District, the Court finds that these would be dismissed as well. As such, whether intended as individual or official capacity claims, Plaintiff's Title VI, Title VII, and ADA claims against the individual defendants are **DISMISSED**. (Doc. No. 6).

### B. Plaintiff's FMLA Claim

#### a. Individual Defendants

The FMLA prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing] the exercise or the attempt to exercise, any right provided under" the Act. 29 U.S.C. § 2615(a)(1); *see also Harville v. Texas A&M Univ.*, 833 F. Supp. 2d 645, 653 (S.D. Tex. 2011). An FLSA "employer" includes individuals with "managerial responsibilities" and "substantial control of the terms and conditions of the work of [the] employees." *Falk v. Brennan*, 414 U.S. 190, 195 (1973). In determining whether a defendant is an FLSA or FMLA employer, the Court must determine whether an individual "effectively dominates [the employer's] administration or otherwise acts, or has the power to act, on behalf of the [employer] vis-à-vis its employees." *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993). Still, individual liability does not automatically accompany supervisor responsibility; even among those in "supervisory positions, [t]he FMLA does not contemplate holding individuals liable for corporate violations." *Harville*, 833 F. Supp. 2d at 654.

5

To determine if an individual is an employer under the FMLA, the Court considers "whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (internal citations omitted) (regarding FLSA employers). Courts consider whether a purported employer "independently exercised control over the work situation." *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir. 1984) (internal citation omitted). These criteria require both a sufficient level of control and a nexus to the protected rights at issue as to each defendant. *Donovan*, 747 F.2d at 972 (holding individual liable because "[i]t was only he who could authorize compliance with the [FLSA]"). Therefore, "[t]he ultimate question is whether the individual had 'supervisory authority over the complaining employee' and is 'responsible in whole or part for the alleged violation.'" *Rudy v. Consolidated Rest. Co., Inc.*, 2010 WL 3565418, *6 (N.D. Tex. 2010) (citing *Riordan v. Kempiners,* 831 F.2d 690, 694 (7th Cir.1987)).

Here, Plaintiff's Amended Complaint makes no allegations sufficient to support individual liability against any of the individual defendants. Defendant Graham is the General Counsel of the District. (Doc. No. 6 at 2). After listing him as a defendant, Plaintiff does not mention his name or reference his office at any point in the Amended Complaint. Likewise, Defendant Schuss is the Title IX Coordinator for the District. (Doc. No. 6 at 2). The only allegation potentially relating to Schuss is Plaintiff's statement that she "fil[ed] a report with the Title IX Coordinator." (*Id.* at 12). While the Court may construe this allegation to refer to Defendant Schuss, it is not sufficient to sustain any cause of action against Schuss. Finally, Defendant Dr. Gregorski is the District's Superintendent. (*Id.* at 2). As with Defendant Graham, Plaintiff's Amended Complaint contains no reference to Dr. Gregorski by name or position. As such, there is no basis for the Court to

conclude that any of the individual defendants had any "supervisory authority" over Plaintiff, or that they were "responsible in whole or in part for the alleged violation." Thus, Plaintiff's FMLA claims against the individual defendants are **DISMISSED**. (Doc. No. 6).

### b. The District

Defendants also moves to dismiss Plaintiff's FMLA claim against the District based on Plaintiff's failure to allege interference with her rights. (Doc. No. 9 at 11). Plaintiff's FMLA allegations seem to stem from a disagreement between her primary care provider ("PCP") and her therapist about the amount of leave she needed. (Doc. No. 6 at 13). Specifically, Plaintiff alleges that the District asked her to return to work too early due to her PCP's recommendation. (*Id.*). The PCP also claimed they were never contacted by her therapist. (*Id.*). The District argues that these allegations do not support any wrongdoing by the District. (Doc. No. 9 at 11). The Court agrees.

As stated above, the FMLA prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing] the exercise or the attempt to exercise, any right provided under" the Act. 29 U.S.C. § 2615(a)(1). Based on Plaintiff's allegations, she could certainly argue that her PCP, if subject to the Act, "interfered with" her attempt to exercise her FMLA rights fully, but there is no basis to conclude that the District acted improperly. As such, Plaintiff's FMLA claim against the District is likewise **DISMISSED**. (Doc. No. 6).

### C. Plaintiff's Damages

Plaintiff requests "compensatory and punitive remedies for multiple civil violations that led to loss of enjoyment in life, wage, mental anguish and pain," as well as "emotional distress." (Doc. No. 6 at 15). Plaintiff also seeks "an apology and a token of the district's good faith effort to right the wrongs of how [Plaintiff] was mistreated . . . ." (*Id.*). While the Court has dismissed Plaintiff's claims against the individual defendants and her FMLA claim against all defendants,

7

Plaintiff's Title VI, Title VII, and ADA claims against the District are still live. Nevertheless, the District moves to dismiss all of Plaintiff's requests for punitive damages, and compensatory damages based on emotional distress, mental anguish, and pain and suffering for the statutory violations. (Doc. No. 9 at 11–14).

    *a. Punitive Damages*

As a matter of law, punitive damages are not available against municipalities and other local governments under any of the theories pled by Plaintiff. *See, e.g., Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 465–66 (5th Cir. 2001) ("[Title VII] precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions."); *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) ("Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act."); *Bernard v. City of Mesquite, Tex.*, 2023 WL 2169083, at *5 (N.D. Tex. Feb. 22, 2023) ("[B]ecause the FMLA limits recoverable damages to actual monetary losses, punitive damages are not available under the FMLA. 29 U.S.C. § 2617(a)."). As a result, Plaintiff's claim for punitive damages is **DISMISSED**. (Doc. No. 6).

    *b. Mental Anguish, Emotional Distress, Pain & Suffering*

Plaintiff's claims for mental anguish, emotional distress, and pain and suffering damages requires this Court to apply the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller, PLLC. See* 596 U.S. 212 (2022). In *Cummings*, the Supreme Court held that emotional distress damages are no longer available under anti-discriminatory legislation passed pursuant to the Spending Clause. *Id.* at 230. As Plaintiff's Amended Complaint asks for damages based on the emotional distress caused by racial discrimination, the Court must determine whether Title VI,

8

Title VII, or the ADA are "anti-discriminatory legislation passed pursuant to the Spending Clause.[1] The *Cummings* Court explicitly noted that Title VI of the Civil Rights Act of 1964 was a Spending Clause statute. *Id.* at 218. Therefore, under Title VI, then, Plaintiff cannot recover emotional distress or mental anguish.[2]

Title VII, on the other hand, was enacted pursuant to Congress's Fourteenth Amendment Section 5 power and includes a statutory grant of emotional distress damages. See 42 U.S.C. § 1981a(b)(3) (expressly providing for compensatory damages, including damages for "emotional pain, suffering," and "mental anguish" under Title VII of the Civil Rights Act); *see also Cummings*, 596 U.S. at 240 (BREYER, J. dissenting). Thus, Plaintiff can recover mental anguish, emotional distress, and pain and suffering damages for any alleged violations of Title VII.

Regarding Plaintiff's ADA claims, the legal landscape is a bit fuzzier. When presented with the question, the Fifth Circuit stated that it would "leave it for the district court to decide the effect, if any, *Cummings* has on [the plaintiff's] ability to recover emotional distress damages under Title II [of the ADA]". *Luke v. Tex.*, 46 F.4th 301, 306 n.4 (5th Cir. 2022). On remand, the Western District of Texas determined that these categories of damages are not recoverable under the ADA. *Luke v. Lee Cnty.*, No. 1:20-CV-00388-DII, 2023 WL 4980943, at *9 (W.D. Tex. Aug. 3, 2023), report and recommendation adopted, No. 1:20-CV-388-RP, 2023 WL 6141594 (W.D. Tex. Sept. 20, 2023). Specifically, "because the rights and remedies under [the Rehabilitation Act

---

[1] The Amended Complaint pleads "mental anguish," "emotional distress," and "pain and suffering" as different claims. (Doc. No. 6 at 15). While the two are legally distinct, Texas law "has established that failure to distinguish the mental anguish and emotional distress attributable to different claims are presumed to be the same single injuries. *Tompkins v. Cyr*, 202 F.3d 770, 785 (5th Cir. 2000). As such, the Court will construe Plaintiff's mental anguish and emotional distress claims as one.

[2] The District also argues that "pain and suffering" is legally indistinguishable and should also be barred. The District cites no case within the Fifth Circuit or State of Texas to support this proposition. As such, the Court construes the pain and suffering claim as distinct and holds that *Cummings* does not affect Plaintiff's claim for compensatory damages based on pain and suffering damages.

and the ADA] are the same, case law interpreting one statute can be applied to the other." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287 (5th Cir. 2005). The district court then held that, because *Cummings* was directly interpreting the Rehabilitation Act, it should be equally applied to the ADA. *Id.* Numerous other courts have applied the same reasoning.[3] This Court finds the analysis of the Western District to be persuasive and holds that *Cummings* bars the recovery of compensatory damages for emotional distress and mental anguish under Title II of the ADA.

### IV. Conclusion

Based on the foregoing analysis, the Court **GRANTS** in part Defendants' Motion to Dismiss. (Doc. No. 9). Therefore, the Court **DISMISSES**: (1) all claims against individual defendants Justin Graham, Brian Schuss, and Dr. Kenneth Gregorski; (2) Plaintiff's FMLA claim against the District; (3) all claims for punitive damages; and (4) any claim for damages based upon a claim for emotional distress and mental anguish under Title II of the ADA and Title VI of the Civil Rights Act of 1964. (Doc. No. 6). Remaining are Plaintiff's statutory claims against the District including her claims for pain and suffering damages, and for emotional distress pursuant to her Title VII claims.

Signed this 13th day of March, 2025.

Andrew S. Hanen
United States District Judge

---

[3] *See, e.g., Hejmej v. Peconic Bay Med. Ctr.*, 2022 WL 5429675, at *7 (E.D.N.Y. July 6, 2023) ("Plaintiffs are precluded—by the ADA's text and the Supreme Court's ruling in *Cummings*—from seeking compensatory damages for alleged emotional distress."); *Montgomery v. D.C.*, No. CV 18-1928 (JDB), 2022 WL 1618741, at *24 (D.D.C. May 23, 2022) ("Title II of the ADA incorporates the 'remedies, procedures, and rights set forth in' the Rehabilitation Act, . . . hence, if a certain category of damages is not available under [the Rehabilitation Act], it is not available under Title II either.").